21648. WALLACE et al. v. BENNETT et al.

Argued May 15, 1962—Decided June 12, 1962.

*Dan C. Mitchell, George C. Mitchell,* for plaintiffs in error. *E. H. Stanford,* contra.

GRICE, Justice. Two purchasers alleged that the seller, at the time he sold them one piece of property, agreed not to take action for the unpaid purchase price unless he sold another piece of property of the purchasers and credited the proceeds on such purchase price, and that the seller breached that agreement. Their petition, seeking injunction against foreclosure and other relief, was dismissed upon general demurrer, producing the assignment of error here.

The material allegations of this petition, by Jessie H. and Patricia A. Wallace against Julia T. and Foster E. Bennett, filed in the Superior Court of Fulton County, Georgia, follow.

The Wallaces purchased from Foster E. Bennett, hereinafter referred to as "Bennett," by warranty deed dated December 2,

1960, property located on Fielding Lane in Fulton County. At the same time they executed to him a security deed on that property subject to a prior security deed to another party; and as part of the purchase price they gave him a promissory note for $5,500 due six months from December 2, 1960. Also, at the same time, the Wallaces conveyed to Bennett certain real estate located on Sandtown Road as additional security for the Fielding Lane indebtedness.

Bennett subsequently, without notice to the Wallaces, transferred the security deed on the Fielding Lane property to his wife, Julia T. Bennett. She notified the Wallaces on July 25, 1961, that the $5,500 note was past due and that she would sell the property under the power in the security deed.

The Wallaces sought to enjoin the sale as being contrary to an agreement between them and Bennett. The allegations as to the agreement were as follows: "At the time said sale was consummated the said . . . Bennett agreed to sell [the Sandtown Road property], and that when said . . . property was sold, the proceeds released from said sale would be applied on the note of $5,500 and it was further understood and agreed between [petitioners and Bennett] in the event the said Sandtown property was not sold within six months, no action would be taken by [Bennett], or to sell the property of your petitioners." (Paragraph 7).

The Wallaces alleged that they relied upon the aforesaid agreement and their ability to pay, and upon the failure to sell the Sandtown property they would have deeded to Bennett their interest in it to satisfy the Fielding Lane security deed and that transfer of the latter by Bennett to his wife was an attempt to conceal and evade his covenants with them. Alleging inadequacy of legal remedy and irreparable loss, they prayed for temporary and permanent injunction against the sale of the Fielding Lane property, recovery of all sums paid to Bennett, and for general relief.

The defendants take the position that the agreement alleged to have been made is unenforceable for two reasons, lack of consideration and the parol evidence rule. It is necessary to deal only with the first.

The agreement was without consideration, a nudum pactum. *Code* § 20-301.

Insofar as the petition alleges, there were two distinct transactions. One was the purchase and sale of the Fielding Lane property, whereby the plaintiffs received a warranty deed from Bennett and in return executed to him their note and security deed. The other was Bennett's promise to sell the Sandtown property for application of the proceeds to the plaintiffs' note on the Fielding Lane property and not to take any action or to sell the latter property. No consideration whatever is alleged for this promise. Nor is there any attempt to allege that the consideration for that promise was the plaintiffs' execution of their note and security deed to him in the first transaction. In this respect the facts in the case at bar differ from those in *Langenback v. Mays*, 205 Ga. 706 (54 SE2d 401).

Therefore, the agreement relied upon is unenforceable, and the trial court correctly dismissed the petition upon general demurrer.

*Judgment affirmed. All the Justices concur.*